UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X

**LARRY MCNAIR,**

           **Plaintiff,**

       **- against -**

**KIRBY FORENSIC PSYCHIATRIC
CENTER, MICHAEL F. HOGAN,
STEVE RABINOWITZ, MICHAEL
KUNZ, S. MACHANICAL, TROMUL E.
TUZEL, CAROLYN TODD, J.
CLEAVER, MARY BETH, R.N. CUFF,
MS. POSAT, PHOTOCOPYING
CLERK, RISK MANAGEMENT S.
JOSEPH, AND VINCENT MICOLLI,**

           **Defendants.**

**MEMORANDUM
OPINION AND ORDER**

**09 Civ. 6660 (SAS)**



------------------------------------------------------ X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

        Proceeding pro se, Larry McNair brings this action pursuant to

section 1983 of Title 42 of the United States Code against various employees of

the Kirby Forensic Psychiatric Center ("Kirby") and Mary Beth Feerick, an

1

attorney from Mental Hygiene Legal Service ("MHLS").[1]  McNair alleges, *inter alia*, that defendants violated his First, Eighth, and Fourteenth amendment rights, denied him medical and psychiatric care, failed to return McNair's legal paperwork thereby denying him access to the courts, threatened him with physical force, retaliated against him for his complaints about his missing legal paperwork, and restricted the amount of mail that he could send.

Feerick now moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that MHLS attorneys do not act under color of state law as required for section 1983 claims.  For the reasons that follow, defendant's motion is granted.

## II.    BACKGROUND[2]

On May 27, 2009, McNair was committed to Kirby for ninety days following an examination pursuant to section 730 of the New York Criminal Procedure Law.[3]  The Complaint lists many grievances against Kirby's staff that occurred during his stay.  While it is not entirely clear what McNair's exact

---

[1]    The Complaint incorrectly refers to Feerick as "Mary Beth, Mental Health Legal Services."

[2]    Unless otherwise noted, all facts are drawn from the Complaint.

[3]    *See* Complaint ("Compl.") ¶ 1.

2

allegations against Feerick are, this Opinion discusses the claims that mention her specifically.

On May 29, 2009, McNair informed MHLS attorney Feerick, psychologist Jessica Klaver,[4] and social worker Carolyn Todd that he needed paperwork copied at his expense for another civil case and "they all agreed that this service would be provided at [McNair's] expense."[5]  On June 12, 2009, McNair gave Todd the papers to photocopy.[6]  On June 16, 2009, Todd returned the paperwork to McNair with forty-eight pages missing.[7]  Many of McNair's claims stem from this missing legal paperwork.  For example, McNair believes that another defendant, a psychiatrist, threatened him with physical force because he asked about his paperwork and that several Kirby employees (also defendants in this case) refused to give him his medication in retaliation for his complaints about the missing legal papers.[8]

During McNair's stay at Kirby, McNair called Feerick and made

---

[4]    Klaver is incorrectly referred to as J. Cleaver in the Complaint.

[5]    Compl. ¶ 6.

[6]    See id. ¶ 8.

[7]    See id. ¶ 9.

[8]    See id. ¶¶ 10, 16.

3

dozens of complaints.[9]  Feerick failed to investigate these complaints.[10]  McNair

also asserts that Feerick knew that he was being denied medical treatment.[11]

Feerick is an attorney at MHLS.[12]  "Article 47 of New York's Mental

Hygiene Law creates a 'mental hygiene legal service' in each judicial department

to provide legal assistance to patients in psychiatric facilities."[13]  The role of

MHLS includes "informing patients of their legal rights, providing legal services

and assistance related to admission, retention, and treatment, and taking legal

action deemed necessary to safeguard patients from abuse or mistreatment."[14]

Taking legal action to protect clients from abuse or mistreatment may include

MHLS's "investigation into any such allegations of abuse or mistreatment of any

such patient or resident."[15]

---

[9]      *See id.* ¶ 29.

[10]     *See id.*

[11]     *See id.* § IV.B; Plaintiff's Motion in Opposition to Defendant's
Motion to Dismiss ("Pl. Opp.") ¶ 7.

[12]     *See* Memorandum of Law in Support of Defendant Feerick's Motion
to Dismiss Complaint at 5.

[13]     *Id.* at 1.

[14]     *Id.* at 1-2 (citing N.Y. Mental Hygiene Law § 47.03).

[15]     N.Y. Mental Hygiene Law § 47.03.

4

## III.   APPLICABLE LAW

### A.   Rule 12(b)(1)

Under Federal Rule of Civil Procedure Rule 12(b)(1), a party may assert by motion the defense that the court lacks subject matter jurisdiction to hear a claim. Federal courts are courts of limited jurisdiction and may not entertain matters over which they do not have subject matter jurisdiction.[16] "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court [ ] may refer to evidence outside the pleadings."[17] Thus, a district court may refer to evidence such as sworn affidavits, correspondence between the parties, contracts, or other relevant documents.[18]

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."[19] Where the plaintiff is proceeding pro se, his or her pleadings must be considered under a more lenient

---

[16]   *See Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

[17]   *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted).

[18]   *See id.*

[19]   *Id.* (citation omitted).

5

standard than that accorded to "formal pleadings drafted by lawyers,"[20] and his or her pleadings must be "interpret[ed] . . . to raise the strongest arguments they suggest."[21]

## B.    Section 1983

In order to state a claim under section 1983, a plaintiff must show that the conduct complained of was committed by a person or entity acting under color of state law, and that the conduct deprived a person of rights, privileges, or immunities secured by the Constitution.[22] "[C]ourt-appointed attorneys do not act under color of state law by virtue of their appointment."[23] "This is true even if the attorney is employed by the Mental Hygiene Legal Services, a state-funded legal services agency under the direction of the New York State Office of Court

---

[20]    *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). *Accord Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("Because [plaintiff] is a pro se litigant, we read his supporting papers liberally.").

[21]    *Burgos*, 14 F.3d at 790.

[22]    *See Palmieri v. Lynch*, 392 F.3d 73, 78 (2d Cir. 2004) (citation omitted).

[23]    *Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005) (citations omitted). *Accord Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

6

administration."[24]  The only exception to this rule is if "a court-appointed attorney

conspires with a state official to violate the plaintiff's constitutional rights."[25]  If

that happens, then the attorney could be liable under section 1983.[26]  However,

"[a] complaint containing only conclusory, vague, or general allegations of

conspiracy to deprive a person of constitutional rights cannot withstand a motion

to dismiss."[27]

## IV.    DISCUSSION

### A.    Feerick Is an MHLS Attorney

Because Feerick is an MHLS attorney she did not act under color of

state law for purposes of a section 1983 claim.  McNair's Complaint indicates that

---

[24]    *Fisk*, 401 F. Supp. at 378 (dismissing claims against MHLS attorney
alleging inadequate representation and failure to investigate the case or advocate
for plaintiff's release from a hospital where she was admitted for psychiatric
treatment because attorney did not act under color of state law and there were no
facts presented to infer that the attorney conspired with state officials to violate
plaintiff's constitutional rights). *Accord Scott v. Djeck*, No. 09 Civ. 1122, 2010
WL 145297, at *4 (N.D.N.Y. Jan. 11, 2010) ("An attorney employed by M.H.L.S.
is not a state actor for purposes of § 1983."); *Pecou v. Hirschfeld*, No. 07 Civ.
5449, 2008 WL 957919, at *1-2 (E.D.N.Y. Apr. 3, 2008) (dismissing claims of
inadequate representation against MHLS attorneys because the attorneys did not
act under color of state law).

[25]    *Fisk*, 401 F. Supp. 2d at 378.

[26]    *See id.*

[27]    *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983).

7

he believes Feerick has an administrative role at Kirby.[28]  A review of the statute

creating MHLS shows that this is not the case.  The New York Mental Hygiene

Law provides that MHLS exists to provide legal assistance to patients and

residents in mental health facilities.  In the course of taking legal action, MHLS's

role may include investigating allegations of mistreatment in the facilities.

McNair contacted Feerick, an MHLS attorney, to complain about his

treatment at Kirby.  Feerick's duties as an MHLS attorney include investigating

complaints in furtherance of considering legal action.  Because McNair's

allegations about Feerick's activities are covered by the MHLS statute, Feerick

was acting in her capacity as an MHLS attorney.  Accordingly, Feerick did not act

under color of state law.

## B.    Conspiracy Exception Does Not Apply

The Complaint does not allege that Feerick conspired with any other

defendants to violate McNair's constitutional rights.  McNair only alleges that

Feerick was aware that the other defendants denied him medical treatment.

Construing the Complaint liberally, Feerick's knowledge of denial of medical

---

[28]      For example, McNair lists the complaints he made and the phone
messages he left for Feerick as part of his exhaustion of administrative remedies
pursuant to the Prison Litigation Reform Act. *See* Compl. § IV.B.  Additionally,
McNair states that Feerick's office, MHLS, is the "avenue for exha[u]stion for
complaints of denial of medical []and mental health treatment." *See* Pl. Opp. ¶ 4.

8

treatment does not provide any facts from which it may be inferred that a conspiracy existed between Feerick and the other defendants to violate McNair's constitutional rights.

## C. Leave to Amend

A pro se plaintiff should be permitted to amend his complaint prior to its dismissal for failure to state a claim "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."[29] However, "it is well established that leave to amend a complaint need not be granted when amendment would be futile."[30] In other words, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."[31]

There is no basis here for granting leave to amend. It would be futile to amend with regard to Feerick's status as a MHLS attorney. Additionally, neither the Complaint nor the opposition to the motion provide any indication that

---

[29]     *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

[30]     *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003). *Accord LaBounty v. Kinkhabwala*, 2 Fed. App'x. 197, 200 (2d Cir. 2001) ("[S]ince [plaintiff's] complaint and opposition to the motion to dismiss did not indicate that a valid complaint of conspiracy could be stated, the District Court was not required to permit [plaintiff] leave to amend.").

[31]     *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

9

Feerick could have conspired with state actors to deny McNair any constitutional rights.  Because granting leave to amend would not be productive, leave to amend is denied.

## V.  CONCLUSION

For the foregoing reasons, Feerick's motion to dismiss is granted. The Clerk of the Court is directed to close this motion (docket # 23).  A conference is scheduled for April 14, 2010 at 5:00pm in Courtroom 15C.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            March 31, 2010

10

## - Appearances-

**Plaintiff (Pro Se):**

Larry McNair #09A4883
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

**Counsel for Defendants:**

Shuva J. Paul
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8906